IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLOTTE V. WOODS                                                        PLAINTIFF

v.                                                          No. 2:07cv137 KS-MTP

SOCIAL SECURITY ADMINISTRATION, et al.                           DEFENDANTS

### REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's motion [2] to proceed *in forma pauperis*

("IFP") in this civil action.  The complaint seeks a review of a decision of an Administrative Law

Judge in an apparent social security matter.  In addition, plaintiff attempts to assert claims against

the Laurel School District and the Mississippi Department of Education although the exact nature

of these claims is not completely clear, nor is it clear why these latter claims are combined with a

social security appeal.

The granting or denying IFP status is left to the sound discretion of the District Court.

*Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969). *aff'd* 422 F.2d 810 (5th Cir.

1970).  It is certainly true that the "poor should have access to our courts...[b]ut something more

that the mere statement and an affidavit that a man is 'poor' should be required before a claimant

is allowed to proceed in forma pauperis." *Evensky vs. Wright*, 45 F.R.D. 506 , 507-08 (N. D. Miss.

1968).

In an affidavit filed in support of her motion [2] to proceed IFP, the plaintiff indicates that

she has 18 years of education and outlines a lengthy work history.  However, according to her

affidavit, plaintiff has now returned to school and is no longer working at any job.  No

information is provided with respect to how long she will be in school, where the funds are

derived to attend school or why she is unable to work as she has in the past.  See *Roberts v. I-T-E Circuit Breaker Co.*, 316 F. Supp. 133 (D. Minn. 1970)(in passing on question of poverty to determine IFP entitlement, court should consider earning capacity and ability, even though petitioner may be presently unemployed).

Plaintiff receives child support of $331/month as well as food stamps, owns a home or residence worth $25,000.00 – which is apparently unencumbered, and owns a relatively new vehicle valued at $17,000.00.  She provides no information regarding how she pays the expenses listed in the affidavit or why the equity in the residence could not be used to pay the filing fee.   At a minimum, there is considerable doubt as to whether payment of the filing fee is beyond the plaintiff's means such that she should be allowed to proceed at public expense.

The court having examined the complaint and the application is of the opinion that the motion [2] to proceed IFP should be denied.

As is usual in cases where a party is proceeding *pro se*, the court will take precautions to protect Plaintiff's rights and instruct her on trial procedure.

IT IS, THEREFORE:

RECOMMENDED that the plaintiff's motion [2] to proceed IFP be denied;

RECOMMENDED that the plaintiff be required to pay the filing fees to the clerk of court for the Southern District of Mississippi, Hattiesburg Division, United States Courthouse, 701 N. Main Street, Suite 200, Hattiesburg, Mississippi 39401 within 30 days from the date of this order, or by no later than December 20, 2007.  If the filing fee is paid by the Plaintiff or someone other than the plaintiff, there must be a written explanation that the payment is submitted as the filing fee in this case, civil action no. 2:07cv137 KS-MTP, on behalf of the plaintiff Charlotte Woods. It is further,

RECOMMENDED that if the filing fee is not received within the period specified above, the matter should be dismissed without further notice to the plaintiff.  It is further,

RECOMMENDED that the plaintiff be warned that failure to serve the summons and complaint upon the defendant within 120 days of the payment of the filing fee may result in the dismissal of this suit.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of November, 2007.

s/ Michael T. Parker
United States Magistrate Judge