**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**CHARLOTTE V. WOODS**                                                          **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 2:07cv137-KS-MTP**

**SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANTS**

MEMORANDUM OPINION

This cause comes before this court *sua sponte* for consideration of dismissal. On December 10, 2007 an [4] order was entered denying the plaintiff's [2] request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days. The plaintiff was warned that her failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice. Instead of paying the filing fee, the plaintiff filed a second [5] Motion to Proceed *In Forma Pauperis* and this motion was also denied by order [7] dated January 7, 2008.

The plaintiff has failed to comply with the court's orders of December 10, 2007 and January 7, 2008 and has failed to pay the filing fee as ordered and, therefore, this case will be dismissed.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases

that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 21st day of May, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE